# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT JOHNSON,

  *Plaintiff,*

vs.

BOARD OF COUNTY COMMISSION OF
BUTLER COUNTY, KANSAS,

  *Defendant.*

Case No. 09-1221-EFM

**MEMORANDUM AND ORDER**

Presently before the court is Defendant Board of County Commissioners of Butler County, Kansas's (the County's) motion for summary judgment (Doc. 25) and plaintiff Robert Johnson's (Johnson's) motion for oral argument (Doc. 34). This court has determined that oral argument would not materially assist the determination of this matter. Thus, the request for oral argument is denied. For the following reasons, the court grants the summary judgment motion.

**I. Background**

The facts relevant to the disposition of these motions are undisputed. This case is about the County's abatement of the nuisance created by items on Johnson's land.

In 1983, Johnson acquired approximately 19.5 acres of land in Butler County, Kansas, less than 1,000 yards to the east of Highway 77. Johnson lived on the property in various structures and mobile homes throughout the duration of his ownership. In November 2004, Butler County notified

Johnson that he violated the sanitary code and zoning regulations due to the numerous abandoned vehicles and junked mobile homes on the property. Johnson received the letter via certified mail on December 11, 2004, and was given was given 45 days to remove the items.

A year later in December 2005, Butler County filed an injunction and sought an order directing Johnson to abate the nuisance. On January 23, 2006, Johnson admitted that the mess on his property was "not a minor situation" and accepted the County's request for an order directing the abatement of the nuisance. Johnson appeared at a hearing a few weeks later, and was given until August 11, 2006, to bring his property into compliance.

Johnson failed to comply with the court order, and the County filed an affidavit for contempt. In response, Johnson sought an additional 180 days to comply. On September 21, 2006, Johnson appeared at a hearing in district court, was found in contempt, and was ordered to pay $50 per day for each day that the property remained in non-compliance. In early 2007, Johnson and his court-appointed attorney appeared at a hearing to review the status of Johnson's progress. The district court found that Johnson's property was still in substantial non-compliance, and ordered Johnson spend weekends in jail until he brought his property into compliance with the sanitary code. The court ordered that he stop reporting to jail in May after it determined that the jail time was not working, as Johnson's property was not fixed.

In April 2007, the Butler County Board of Commissioners adopted a resolution determining the existence of a public nuisance and the abatement of the same. Johnson was personally served with notice the following day, and was informed that if he failed again to abate the nuisance, the County would clean-up the property at his expense. Johnson requested and received a hearing before the Commissioners, but the Commission did not reverse its nuisance decision, and Johnson

did not appeal.

In July 2007, the County sought permission to enter and clean Johnson's land. At a hearing that month, the parties reached an agreed order allowing entry, and Johnson did not appeal. The County solicited several bids to perform the nuisance abatement work on Johnson's property, and entered into a clean-up agreement with Savage Services Corporation dated September 18, 2007, for $58,670, payable upon completion. Johnson admits that there was a written contract, but claims, without evidence, that the contract was not signed until after the clean-up commenced.

The clean-up lasted from October 1, 2007, until November 22, 2007. Johnson was present during the entire clean-up process, and employees of the County's contractor, Savage, worked with Johnson to allow him to save everything he could on the property. In April 2006, during the pendency of the nuisance action against him and prior the clean-up, Johnson moved a workshop onto the property that was never attached to a foundation. Apparently, that workshop was to be converted into a house. It was destroyed in the clean-up process, but Johnson was given notice and removed many items from inside the house. Johnson does not contest that notice was given, but does claim that the notice was not consistent with his due process rights.

On March 31, 2008, the County sent a letter to Johnson informing him that the expenses for the clean-up totaled $58,670, and that he had until June 2, 2008 to reimburse the County. Johnson failed to appeal or protest.

In June 2009, Johnson filed action in Butler County Court, and the County removed the action to federal court. After the County filed a motion for summary judgment, Johnson conceded all but one claim. Thus, the only remaining matter before this court is Johnson's rather vague claim regarding whether the removal of the house moved to his property in April 2006 violated one of his

"rights protected by the Bill of Rights, giving rise to a cause of action under 42 U.S.C. § 1983." (Doc. 4-1). For the following reasons, the court finds that summary judgment is appropriate.

## I. Standards

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[1] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[2] A fact is "material" when "it is essential to the proper disposition of the claim."[3] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[4]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[5] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[6]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[7] The opposing party must "set forth specific facts that would be admissible in evidence in the event of

---

[1] Fed. R. Civ. P. 56©.

[2] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[3] *Id.*

[4] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[6] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[7] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

trial from which a rational trier of fact could find for the nonmovant."[8] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[9] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[10] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[11]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[12]

## II. Analysis

Johnson concedes that the first three issues set out in the County's motion for summary judgment are "no longer matters in litigation."[13] Nevertheless, Johnson argues that the removal of the house was not permitted by the state court order and violated the "due process guarantees in the Fifth and Fourteenth Amendments."[14]

This claim is barred for many of the same reasons the first three conceded issues fail, as detailed in the County's memorandum in support of summary judgment.[15] The claim principally

---

[8] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[9] *Adler*, 144 F.3d at 671.

[10] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[11] *Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[12] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[13] Doc. 26.

[14] Doc. 30.

[15] Doc. 26.

fails, however, because Johnson has no arguable basis in law or fact for bringing a 42 U.S.C. § 1983 claim on the undisputed facts.

To bring an actionable claim under § 1983, the plaintiff must: (1) show that they have been deprived of a right 'secured by the Constitution and the laws" of the United States; and (2) show that the defendants deprived them of this right acting "under color of any statute" of the state.[16] Mere negligence by a government official "that injures an individual's life, liberty, or property does not give rise to a Fourteenth Amendment violation actionable under § 1983."[17] Rather, to violate § 1983, a government official must engage in conduct that shocks the conscience.[18]

A generous reading of Johnson's pleadings indicate that he is claiming that the removal of the non-secured house violated the due process guarantees in the Fifth and Fourteenth Amendments. The Fifth Amendment, however, is applicable only to the federal government - not the states.[19] This case involves only state actors, and thus Johnson's Fifth Amendment due process claims are dismissed.

Thus, the sole remaining issue is whether Johnson's Fourteenth Amendment due process rights were violated. Johnson's summary judgment response indicates that his claim is for procedural, and not substantive, due process. When evaluating a procedural due process claim, the

---

[16] *Johnson v. Rodrigues*, 293 F.3d 1196, 1201-1202 (10th Cir. 2002) (*quoting Flagg Bros., Inc. V. Brooks*, 436 U.S. 149, 98 S.Ct. 1729 (1978)).

[17] *Webber v. Mefford*, 43 F.3d 1340, 1343 (10th Cir. 1994); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) (noting that negligent conduct is "categorically beneath the constitutional due process threshold" and finding that the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property").

[18] *See County of Sacramento v. Lewis*, 523 U.S. 833, (1998)*; Childress v. City of Arapaho*, 210 F.3d 1154, 1157 (10th Cir. 2000).

[19] *Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *Ward v. Anderson*, 494 F.3d 929, 932 n. 3 (10th Cir. 2007).

court must determine whether the plaintiff (1) possessed a property interest protected by the Due Process Clause; and (2) received appropriate process.[20]

The fundamental protections provided by the procedural due process are notice and an opportunity to be heard.[21] In this case, Johnson was afforded both in all matters, including the house. Johnson claims summary judgment is not appropriate because the condition of the house is an issue. Nonetheless, Johnson does not contest that the house was moved onto the property during the middle of the nuisance abatement action that lasted several years and included hearings and agreed orders, that he failed to appeal any orders from the County, that he never tried to exempt the workshop from destruction during the pendency of the abatement action, and that he was present during the entire clean-up process and even went into the house to remove items prior to its removal. Despite all of this, Johnson still claims that he was not given proper notice, and thus his procedural due process rights were violated. Johnson's own admissions defeat this claim, as the record demonstrates years worth of hearings and correspondence regarding the property, which clearly gave him notice and the opportunity to be heard.

Further, any government action taken in removing the house did not rise to the level of "shocking the conscious" to violate § 1983.[22] Instead, the County went through years of notice in the form of letters, hearings, agreed orders and multiple second chances to Johnson. Despite all of this notice, Johnson never complied, and the County finally had to abate the nuisance itself. Johnson was present during the clean-up and was allowed to salvage what he could. The record is clear that

---

[20] *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006).

[21] *See Cleveland v. Bd. of Educ. V. Loudermill*, 470 U.S. 532, 546 (1985); *Santana v. City of Tulsa*, 359 F.3d 1241 1244 (10th Cir. 2004).

[22] *Webber v. Mefford*, 43 F.3d 1340, 1343 (10th Cir. 1994).

Johnson received an abundance of notice, and thus his due process rights were not violated. Accordingly, Johnson's claim must fail.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgement (Doc. 25) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing on the Motion for Summary Judgment (Doc. 34) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 25th day of February, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE